UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:07-CR-70 |
| ) | *Mattice / Lee* |
| LEONEL VASQUEZ-BARRENA ) | |

## **REPORT and RECOMMENDATION**

**I.  Introduction**

Before the Court is the motion of Defendant, Leonel Vasquez-Barrena, to consolidate this matter with the matter currently pending before the Court in *United States v. America v. Leonel Barrena, et al.*, No. 1:07-cr-66 ("Case No. 1:07-cr-66"), pursuant to Fed. R. Crim. P. 13 [Doc. 12]. Defendant asserts the two matters which he seeks to consolidate "are related to the same act or transaction, and involve common questions of fact," and, therefore consolidation of the two actions is appropriate [*id.* at 2, ¶ 3]. Defendant also indicates the government has no objection to his motion [*id.* at ¶ 14]. However, for the reasons stated herein, I **RECOMMEND** that Defendant's motion to consolidate be **DENIED** on the current record.

**II.  Background**

The one-count indictment in this matter charges Defendant with illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326 [Doc. 1]. The indictment in Case No. 1:07-cr-66 charges Defendant, and several co-defendants, with substantive drug offenses under 21 U.S.C. §§ 841(b)(1)(A) & (B) and 846 and 18 U.S.C. §§ 2(a) and (b) [Case No. 1:07-cr-

66, Doc. 2]. Defendant's co-defendants in Case No. 1:07-cr-66 are not named in the instant indictment.

### III. Analysis

Fed R. Crim. P. 13 states that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Consolidation of indictments is within the court's sound discretion, which should be "exercised with a view to the avoidance of unnecessary delay and expense and in the interest of both parties, except in a case where the charges are of such a nature that consolidation will result in prejudice to the defendant or embarrassment in the presentation of his defense." *United States v. Glass*, 30 F. Supp. 397, 399 (W.D. Ky. 1939). *See also United States v. Haygood*, 502 F.2d 166, 169 n. 5 (7th Cir. 1974) (whether consolidation should be ordered under Fed. R. Crim. P 13 is a question within the trial court's sound discretion).

The language of Rule 13 is permissive, but a court should consider the effect of consolidation on judicial economy and any possible prejudice to the defendants named in the indictment. *United States v. Briscoe*, No. Crim. 91-399, SSH, Crim. 92-86-SSH, 1992 WL 207943, * 3 (D.D.C. Aug. 14, 1992), *aff'd*, 26 F.3d 142 (D.C. Cir. 1994). Consolidation of indictments is not proper where "some of the defendants may be tried at the same time with other defendants charged with a crime different from that for which all are tried." *McElroy v. United States*, 164 U.S. 76, 82 (1896); *accord United States v. Lane*, 474 U.S. 438, 466 n. 2 (1986). Indictments should not be consolidated

where there are defendants in one indictment who are not defendants in the other indictment. *See Gallaghan v. United States*, 299 F. 172, 175 (C.C.A. 8 1924).

In *United States v. Kelly*, 105 F. Supp.2d 1107, 1008 (S.D. Cal. 2000), the defendant, who was charged in consolidated indictments with reentry of a deported alien in violation of 8 U.S.C. § 1326 and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), filed a motion to sever the indictments. The defendant had been charged in two separate indictments, but the trial court had previously granted the government's oral motion to consolidate the two indictments. *Id.* at 1109. The trial court found the indictments should be severed due to a risk of prejudice from trying the charges together, stating:

> reentry of a deported alien and possession of a controlled substance are unrelated and independent crimes that happened to be detected by agents on the same date. In a prosecution of illegal reentry, evidence of drug dealing would be irrelevant and unfairly prejudicial to [d]efendant. To establish a violation of § 1326, the government must prove only that: (1) [d]efendant is an alien; (2) [d]efendant was deported; and (3) [d]efendant reentered the United States without consent . . . . Evidence of [d]efendant's alleged drug possession is not only irrelevant it can only serve to cloud the juror's deliberations and prejudice them against [d]efendant.

*Id.* at 1117.

While Defendant contends he was found in the United States as a result of his arrest for the charges pending in Case No. 1:07-cr-66, there is no allegation that Defendant's reentry into the United States was related to his alleged participation in the substantive drug offenses charged in Case No. 1:07-cr-66. The government appears to have recognized the reentry does not relate to the drug charges because it charged Defendant in separate indictments, not in separate counts in a single indictment.

3

Therefore, I **CONCLUDE** Defendant's motion to consolidate should be **DENIED** as he may potentially be prejudiced by consolidation of these actions and he has not shown consolidation would result in significant judicial economy or avoid undue delay.

IV.     **Conclusion**

For the reasons set forth above, I **RECOMMEND** that Defendant's motion to consolidate [Doc. No. 12] be **DENIED**.[1]

                                                        s/*Susan K. Lee*
                                                        SUSAN K. LEE
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).